IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LARRY RANDLETT**

  **Petitioner,**

 v.          **CASE NO. 2:05-cv-466**
             **JUDGE FROST**
             **MAGISTRATE JUDGE ABEL**

**PAT HURLEY, Warden,**

  **Respondent.**

## OPINION AND ORDER

On February 10, 2006, final judgment was entered dismissing petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is now before the Court on petitioner's February 6, 2006, motion for relief from judgment, and his February 20, 2006, objections to the Magistrate Judge's *Report and Recommendation.* For the reasons that follow, petitioner's request for reconsideration of the denial of his request for a stay is **DENIED;** however, his request to file Objections to the *Report and Recommendation* is **GRANTED**. The February 10, 2006, final judgment dismissing petitioner's §2254 petition without consideration of petitioner's objections is **VACATED.** Petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED,** and this case is hereby **DISMISSED.**

On January 12, 2006, the Magistrate Judge issued a *Report and Recommendation* recommending dismissal of petitioner's habeas corpus petition. Doc. No. 13. Petitioner thereafter filed a request for extension of time until February 6, 2006, to file objections to the *Report and Recommendation*, which request was unopposed and was granted. Doc. Nos. 14, 15. On February

1

6, 2006, instead of filing objections to the *Report and Recommendation*, petitioner requested a stay of proceedings so that he could exhaust his claim of ineffective assistance of appellate counsel by filing a delayed application to reopen the appeal in the state courts. Doc. No. 16. Petitioner's request for a stay of proceedings was denied, and the *Report and Recommendation* was adopted and affirmed. Doc. No. 17.

Petitioner now requests that this Court reconsider the denial of his request for a stay of proceedings. In support of such request, petitioner again argues that he was denied the effective assistance of appellate counsel when his attorney failed to raise on appeal an issue that his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), as that case has been defined under *Blakely v. Washington,* 542 U.S. 296 (2004), and that a stay of proceedings therefore is appropriate. *See Rhines v. Weber*, 125 S.Ct. 1528, 1534 (2005)("[D]istrict court would abuse its discretion if it were to grant... a stay when... unexhausted claims are plainly meritless.")

As an initial matter, although petitioner again argues in support of his motion for reconsideration that his ineffective assistance of appellate counsel claim is meritorious, it appears that the Court has jurisdiction to consider petitioner's request for reconsideration of the denial of his request for a stay under *Gonzalez v. Crosby*, 125 S.Ct. 2641(2005). In *Gonzalez v. Crosby*, the United States Supreme Court held:

> Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction--even claims couched in the language of a true Rule 60(b) motion--circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2). The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated: even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1)'s prohibition of claims "presented in a prior application," § 2244(b)(2)(B) requires a more convincing factual showing than does

2

> Rule 60(b). Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." In addition to the substantive conflict with AEDPA standards, in each of these three examples use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar. §2244(b)(3).
>
> In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief, as in *Harris, supra*, will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

*Id*., at 2648 (footnote omitted). Nonetheless, and assuming that this Court has jurisdiction to consider petitioner's request for reconsideration of the denial of the request for a stay of proceedings, for the reasons discussed in this Court's *Order,* February 10, 2006, such request is **DENIED**.

Petitioner also requests the Court permit him to file objections to the *Report and Recommendation*. Although petitioner does not indicate the reason for his failure to previously raise any objections to the *Report and Recommendation*, he does state that his actions are not intentionally "dilatory in nature." *See Motion for Relief from Judgment*. Petitioner's request to file objections is unopposed and is **GRANTED.** Final judgment vacating dismissing petitioner's §2254 petition without consideration of petitioner's objections is **VACATED**; however, for the reasons that follow,

3

petitioner's objections are **OVERRULED**.

Petitioner objects to the Magistrate Judge's recommendation that claim one, in which he asserts that his sentence violates *Blakely v. Washington*, 542 U.S. at 296 (2004), be dismissed because he failed to fairly present such claim to the state courts. Petitioner again contends that he preserved his *Blakely* claim for federal habeas corpus review despite his failure to raise any federal constitutional issue regarding his sentence on direct appeal,[1] under *United States v. Strayhorn*, 250 F.3d 462 (6th Cir. 2001), *overruled on other grounds by United States v. Leachman*, 309 F.3d 377 (6th Cir. 2002). Petitioner's argument is not well taken.

*Strayhorn, supra*, involved a sentence imposed prior to the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). On direct appeal, the United States Court of Appeals for the Sixth Circuit held that the defendant had adequately preserved his *Apprendi* claim by

> repeatedly objecting to the drug quantity determination at his plea hearing and at his sentencing hearing, as well as in a written objection to the calculation of his base offense level in his presentence report. Although he did not utter the words "due process"

---

[1] Petitioner raised the following assignments of error regarding his sentence on direct appeal:

1. The trial court's imposition of consecutive sentences on defendant was not supported by the required findings pursuant to Revised Code 2929.14(E)(4) or the evidence and was error.

2. The trial court's imposition of sentence of more than the statutory minimum was not supported by the required findings pursuant to Revised Code 2929.14(B) or the evidence and was error.

Exhibit I to Return of Writ. As noted by the Magistrate Judge, petitioner concedes that he neither cited to the federal Constitution, federal case law, nor any state cases employing constitutional analysis in the state courts. *Traverse*, at 3.

>at either of these hearings, he made it well known that he disputed the
>district court's factual finding with respect to drug quantity.

*United States v. Strayhorn, supra*, 250 F.3d at 467.  *United States v. Stines*, 313 F.3d 912 (6th Cir. 2002), also referred to by respondent, likewise involved sentences imposed pre-*Apprendi*. On direct appeal, the Sixth Circuit Court of Appeals held that defendants did not waive *Apprendi* challenges to drug quantity determinations because "[i]t would have been impossible for the defendants to have intentionally relinquished or abandoned their *Apprendi* claims considering *Apprendi* was decided after they were sentenced." *Id*., at 917.

Such are not the circumstances here. Petitioner was sentenced via judgment entries issued on April 3, 2003,[2] long after the Supreme Court's June 26, 2000, decision in *Apprendi*. Thus, even assuming that petitioner's *Blakely* claim was before this Court in the context of direct review, as was the scenario in *Strayhorn* and *Stines, supra,* it appears that petitioner would have forfeited all but plain error review of that claim. *See United States v. McDaniel,* 398F.3d 540, 546-47 (6th Cir. 2005); *United States v. Lopez*, 309 F.3d 966, 969 (6th Cir. 2002), citing *United States v. Stewart,* 306 F.3d 295 (6th Cir. 2002)(distinguishing *Strayhorn* as a pre-*Apprendi* sentence).  Further, federal habeas petitioners are required to fairly present federal constitutional claims to the state courts before obtaining federal habeas corpus review.  *See Picard v. Connor*, 404 U.S. 270, 275 (1971); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Sampson v. Love*, 782 F.2d 53, 55 (6th Cir. 1986); *Haggins v. Warden,* 715 F.2d 1050, 1054 (6th Cir. 1983); *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993).  Contrary to petitioner's allegation here, nothing in petitioner's appellate brief would have alerted the state appellate court that he intended to raise any federal constitutional issue

---

[2] Petitioner's sentencing hearing was held on on March 31, 2003.

regarding his sentence. *State v. Elkins*, 148 Ohio App.3d 370 (Ohio App.3d 2002), also referred to by petitioner, does not alter this conclusion. In *Elkins*, the defendant expressly referred to *Apprendi v. New Jersey, supra,* in arguing that he was unconstitutionally sentenced and that Ohio's sentencing scheme was facially unconstitutional. *See id.*, at 374-376. Petitioner failed to do so. Petitioner argued only that the trial court's "generalized references to statutory provisions" did not satisfy the mandate of O.R.C. §2929.14(E) requiring factual findings prior to the imposition of consecutive sentences and that the trial court's imposition of more than the minimum statutory sentence was not supported by the requisite factual findings under 2929.14(B). *See* Exhibit I to Return of Writ.

Petitioner also objects to the Magistrate Judge's recommendation that his claim of ineffective assistance of appellate counsel for failure to raise a *Blakely* claim on appeal be dismissed as without merit. Petitioner again argues that, while *Blakely* was not decided until long after petitioner's sentence was affirmed by the state appellate court on December 18, 2003, appellate counsel failed to recognize and raise his valid claim under *Apprendi v. New Jersey, supra* and he was thereby denied the effective assistance of counsel. *Objections,* at 5-6. Petitioner again refers to *State v. Elkins, supra*, in support of this argument. Petitioner's argument fails.

In *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000),

> the defendant pleaded guilty to second-degree possession of a firearm for an unlawful purpose, which carried a prison term of 5-to-10 years. Thereafter, the trial court found that his conduct had violated New Jersey's "hate crime" law because it was racially motivated, and imposed a 12- year sentence.

*United States v. Booker*, 543 U.S. 220, 230 (2005). The Supreme Court set aside the sentence,

holding:

> "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

*Id., citing Apprendi v. New Jersey, supra*, 530 U.S. at 490.

> In *Blakely,* the Supreme Court reversed a sentence imposed under the State of Washington's determinate sentencing scheme after finding the trial judge had enhanced the defendant's kidnaping sentence beyond the statutory maximum based upon his own finding, by a preponderance of the evidence, the defendant had acted with "deliberate cruelty." 124 S.Ct. at 2537-38. In doing so, the Supreme Court reiterated its previous holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000), but clarified that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely,* 124 S.Ct. at 2537 (emphasis in original).

*United States v. Bucheit*, 134 Fed.Appx. 842, unpublished, 2005 Fed.App. 0431N (6th Cir. May 23, 2005).

As discussed in the Magistrate Judge's *Report and Recommendation*, petitioner was sentenced within the prescribed statutory maximum term for his offenses of conviction. Thus, the record simply fails to reflect that his sentence violated *Apprendi* as that case had been interpreted at the time of petitioner's appeal. *See United States v. Fitch*, 282 F.3d 364, 368 (6th Cir. 2002), citing *United States v. Corrado*, 227 F.3d 528, 542 (6th Cir. 2000). Regardless of whether *"Apprendi* issues [were] being litigated regularly prior to petitioner's direct appeal,"*Objections,* at 7*,* appellate counsel therefore was not unreasonable in failing to raise an *Apprendi* or *Blakely* claim on direct

7

appeal. *United States v. Burgess*, 142 Fed.Appx.232, unpublished, 2005 Fed.App. 0531N (6th Cir. June 22, 2005); *Conley v. United States*, 2005 WL 1420843 (W.D. Mich. June 15, 2005). Again, *Elkins* does not support petitioner's argument that appellate counsel should have foreseen that *Apprendi* is violated when a judge, rather than a jury, makes findings that increase a defendant's sentence beyond the statutory minimum. *See Objections*, at 7. Elkins challenged the trial court's determination, after a jury trial, that he was a major drug offender. Elkins "classification as a major drug offender... vested the trial court with the discretion to impose an additional prison term upon specific findings concerning recidivism and the seriousness of his conduct. *See* R.C. 2925.11(C)(1)(e)." *Elkins, supra*, 148 Ohio App.3d at 597. The state appellate court rejected Elkins' *Apprendi* claim. *Id.*

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* objected to by petitioner. For all of the foregoing reasons, and for the reasons discussed at length in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**.

Petitioner's request for reconsideration of the denial of his request for a stay is **DENIED;** his request to file Objections to the *Report and Recommendation* is **GRANTED**. The February 10, 2006, final judgment dismissing petitioner's §2254 petition without consideration of petitioner's objections is **VACATED.** Petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED,** and this case is hereby **DISMISSED.**

**IT IS SO ORDERED**.

  /s/ Gregory L. Frost
GREGORY L. FROST

8

                                                      United States District Judge